UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

**CHAPTER 13 PLAN AND RELATED MOTIONS**

Name of Debtor(s):                                    Case No. 15-13061-BFK

PAMELA S. MCKENNA

This Plan, dated October 5, 2015, is:

    the *first* Chapter 13 Plan filed in this case.

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

| | |
|---|---|
| Total Assets: | $423,692.59 |
| Total Non-Priority Unsecured Debt: | $ 5,382.00 |
| Total Priority Debt: | $ 4,676.88 |
| Total Secured Debt: | $471,695.66 |

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of $1,570 per month for 60 months. Other payments to the Trustee are as follows: n/a. The total amount to be paid into the Plan is $94,200.

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

**A. Administrative Claims under 11 U.S.C. § 1326.**

1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).

2. Debtor(s)' attorney will be paid $<u>0</u> balance due of the total fee of $<u>3,000</u>, concurrently with or prior to the payments to remaining creditors, and Debtor(s)' attorney will be paid future fees and expenses as may be approved by the Court concurrently with or prior to the payments to remaining creditors.

**B. Claims under 11 U.S.C. § 507.**

The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| <u>Creditor</u> | <u>Type of Priority</u> | <u>Estimated Claim</u> | <u>Payment and Term</u> |
|---|---|---|---|
| Commonwealth of Virginia | Taxes | $2,004.00 | 100% without interest |
| IRS | Taxes | $2,672.88 | 100% without interest |

**3. Secured Creditors: Motions to Value Collateral ("cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

**A. Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

Not applicable.

**B. Real or Personal Property to be Surrendered.**

Not applicable.

    C.    **Adequate Protection Payments.**

    See § 3.D. Below.

    D.    **Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Payment & Est. Term* |
|---|---|---|---|---|
| Mercedes-Benz Fin. | 2011 Mercedes-Benz C300 | $16,688.38 | 1.99% per K | $610.45 x 28 mo. |

***THE MONTHLY PAYMENTS STATED HERE SHALL BE THE ADEQUATE PROTECTION PAYMENTS PURSUANT TO 1326(a)(1)(C) TO THESE CREDITORS UNLESS OTHERWISE ORDERED BY THE COURT.**

    E.    **Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

**4.**    **Unsecured Claims.**

    A.    **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately 0%. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate unsecured creditors would receive a dividend of 0%.

    **B.**    **Separately classified unsecured claims.**

        Not applicable.

**5.**    **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

    **A.**    **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| Bayview Loan Serv. | Principal residence | $1,914.09 | $62,239.68 | 0 | 60 months | Pro rata with other secured claims |

    **B.**    **Trustee to make contract payments and cure arrears, if any.**

        Not applicable.

    **C.**    **Restructured Mortgage Loans to be paid fully during term of Plan.**

        Not applicable.

**6.**    **Unexpired Leases and Executory Contracts.**

    Not applicable.

**7.**    **Liens Which Debtor(s) Seek to Avoid.**

    **A. The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).**

        Not applicable.

**B. Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| BB&T Mortgage[1] | 2nd priority deed of trust | Principal residence | 11 U.S.C. §§ 506(a) & (d) and § 1322(b)(2) (Lien is wholly unsecured) |

8. **Treatment and Payment of Claims.**

   –All creditors must timely file a proof of claim to receive payment from the Trustee.

   –If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.

   –If a claim is listed in the Plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.

   –The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

9. **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

10. **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

---

[1] The Debtor's personal liability to BB&T Mortgage was discharged in her previous Chapter 7 case, Case #09-19030-RGM.

**11.    Other provisions of this Plan:**

    Not applicable.

**Signatures:**

**Date: 10/5/2015**

 /s/Pamela S. McKenna
**Pamela S. McKenna**

 /s/Steven B. Ramsdell
**Steven B. Ramsdell, VA Bar #33222**
    **Counsel to the Debtors**
**Tyler, Bartl, Ramsdell & Counts, P.L.C.**
**300 N. Washington St., Suite 202**
**Alexandria, VA 22314**
**(703) 549-5003**

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing Chapter 13 Plan And Related Motions, together with a copy of the Debtor's schedules I & J, was mailed on this 5th day of October, 2015, to all creditors and parties in interest in this case, all of whom are set forth on the list attached hereto.

                                       /s/Steven B. Ramsdell
                                       Steven B. Ramsdell

Audit Systems Incorporated
3696 Ulmerton Rd., Suite 200
Clearwater, FL 33762

Bayview Loan Servicing, LLC
Customer Service Dept.
4425 Ponce De Leon Blvd 5th Fl
Coral Gables, FL 33146

BB&T, Bankruptcy Section
100-50-01-51
P.O. Box 1847
Wilson, NC 27894

Capital One
P.O. Box 30285
Salt Lake City, UT 84130-0285

City of Alexandria
P.O. Box 1423
Alexandria, VA 22313-1423

Commonwealth of Virginia
Dept. of Taxation
Legal Unit, P.O. Box 2156
Richmond, VA 23218

Credit One Bank
P.O. Box 98873
Las Vegas, NV 89193-8873

Global Payments Check Services
P.O. Box 661038
Chicago, IL 60666-1038

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

LVNV Funding, LLC
P.O. Box 10497
Greenville, SC 29603

Mercedes-Benz Fin. Srvc. USA
c/o BK Servicing,LLC
P.O. Box 131265
Roseville, MN 55113-0011

MercerTrigiani, LLP
Attn: Michael L. Zupan, Esq.
112 S. Alfred St.
Alexandria, VA 22314

Portfolio Recovery Associates
P.O. Box 12914
Norfolk, VA 23541

Johnie R. Muncy, Esq.
Samuel I. White, P.C.
1804 Staples Mill Rd., Suite 200
Richmond, VA 23230

Sandra McKenna
35 Rolfe St.
Hamden, CT 06517-3340

Service First Management
& Consulting, Inc.
12084 Cadet Ct.
Manassas, VA 20109

Town Center Orthopaedic Assoc.
1860 Town Center Dr., #300
Reston, VA 20190

TRS Recovery Services, Inc.
P.O. Box 60022
City of Industry, CA 91716-0022

Office of the United States Trustee
115 S. Union Street, P210
Alexandria, VA 22314

Thomas P. Gorman, Trustee
300 N. Washington St., Suite 400
Alexandria, VA 22314

Pamela McKenna
8417 Mineral Springs Dr.
Manassas, VA 20112

Hollywood Casino
750 Hollywood Blvd.
Charles Town, WV 25414

Horseshoe Casino
11999 Casino Center Dr., SE
Elizabeth, IN 47117

Fill in this information to identify your case:

Debtor 1: Pamela Sarah McKenna

Debtor 2 (Spouse, if filing): 

United States Bankruptcy Court for the: EASTERN DISTRICT OF VIRGINIA

Case number (If known): 15-13061-BFK

Check if this is:
☐ An amended filing
☐ A supplement showing post-petition chapter 13 income as of the following date:
_____
MM / DD/ YYYY

## Official Form B 6I
## Schedule I: Your Income                                                                12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ■ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| Occupation | RN Nurse | |
| Employer's name | Veterans Affairs Medical Center | |
| Employer's address | 50 Irving St., NW<br>Washington, DC 20422 | |
| How long employed there? | 13 years | |

### Part 2: Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | $ 7,687.92 | $ N/A |
| 3. | **Estimate and list monthly overtime pay.** | +$ 0.00 | +$ N/A |
| 4. | **Calculate gross Income.** Add line 2 + line 3. | $ 7,687.92 | $ N/A |

Official Form B 6I                                    **Schedule I: Your Income**                                    page 1

| Debtor 1 | Pamela Sarah McKenna | Case number (*if known*) | 15-13061-BFK |
|---|---|---|---|

|  |  |  | **For Debtor 1** | **For Debtor 2 or non-filing spouse** |
|---|---|---|---|---|
|  | **Copy line 4 here** | 4. | $ 7,687.92 | $ N/A |
| 5. | **List all payroll deductions:** |  |  |  |
| 5a. | **Tax, Medicare, and Social Security deductions** | 5a. | $ 1,866.63 | $ N/A |
| 5b. | **Mandatory contributions for retirement plans** | 5b. | $ 61.36 | $ N/A |
| 5c. | **Voluntary contributions for retirement plans** | 5c. | $ 0.00 | $ N/A |
| 5d. | **Required repayments of retirement fund loans** | 5d. | $ 0.00 | $ N/A |
| 5e. | **Insurance** | 5e. | $ 243.84 | $ N/A |
| 5f. | **Domestic support obligations** | 5f. | $ 0.00 | $ N/A |
| 5g. | **Union dues** | 5g. | $ 50.44 | $ N/A |
| 5h. | **Other deductions.** Specify: FEGLI | 5h.+ | $ 30.88 + | $ N/A |
|  | FEGLI optional |  | $ 92.69 | $ N/A |
|  | VCS |  | $ 270.83 | $ N/A |
| 6. | **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ 2,616.67 | $ N/A |
| 7. | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $ 5,071.25 | $ N/A |
| 8. | **List all other income regularly received:** |  |  |  |
| 8a. | **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ N/A |
| 8b. | **Interest and dividends** | 8b. | $ 0.00 | $ N/A |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ N/A |
| 8d. | **Unemployment compensation** | 8d. | $ 0.00 | $ N/A |
| 8e. | **Social Security** | 8e. | $ 0.00 | $ N/A |
| 8f. | **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. | $ 0.00 | $ N/A |
| 8g. | **Pension or retirement income** | 8g. | $ 0.00 | $ N/A |
| 8h. | **Other monthly income.** Specify: | 8h.+ | $ 0.00 + | $ N/A |
| 9. | **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ 0.00 | $ N/A |
| 10. | **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 5,071.25 + $ N/A = | $ 5,071.25 |
| 11. | **State all other regular contributions to the expenses that you list in Schedule J.** Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives. Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*. Specify: | 11. | +$ 0.00 |  |
| 12. | **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies | 12. | $ 5,071.25 **Combined monthly income** |  |

13. **Do you expect an increase or decrease within the year after you file this form?**
    ■ No.
    ☐ Yes. Explain:

Fill in this information to identify your case:

Debtor 1: Pamela Sarah McKenna

Debtor 2 (Spouse, if filing): 

United States Bankruptcy Court for the: EASTERN DISTRICT OF VIRGINIA

Case number (If known): 15-13061-BFK

Check if this is:
☐ An amended filing
☐ A supplement showing post-petition chapter 13 expenses as of the following date:
_____ MM / DD / YYYY
☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

Official Form B 6J

# Schedule J: Your Expenses

12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Your Household

1. **Is this a joint case?**
   ■ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**
      ☐ No
      ☐ Yes. Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?** ☐ No
   Do not list Debtor 1 and Debtor 2.
   ■ Yes. Fill out this information for each dependent..............
   Do not state the dependents' names.

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | Mother | 86 | ■ No ☐ Yes |
   |  |  | ☐ No ☐ Yes |
   |  |  | ☐ No ☐ Yes |
   |  |  | ☐ No ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**
   ■ No
   ☐ Yes

## Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 6I.)

**Your expenses**

4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. — 4. $ 1,914.09

   **If not included in line 4:**
   4a. Real estate taxes — 4a. $ 0.00
   4b. Property, homeowner's, or renter's insurance — 4b. $ 0.00
   4c. Home maintenance, repair, and upkeep expenses — 4c. $ 25.00
   4d. Homeowner's association or condominium dues — 4d. $ 65.00
5. **Additional mortgage payments for your residence,** such as home equity loans — 5. $ 0.00

| Debtor 1 | Pamela Sarah McKenna | Case number (if known) | 15-13061-BFK |
|---|---|---|---|

6. **Utilities:**
   - 6a. Electricity, heat, natural gas — 6a. $ 261.00
   - 6b. Water, sewer, garbage collection — 6b. $ 40.00
   - 6c. Telephone, cell phone, Internet, satellite, and cable services — 6c. $ 245.00
   - 6d. Other. Specify: Vintage Security home security system — 6d. $ 30.00
7. **Food and housekeeping supplies** — 7. $ 450.00
8. **Childcare and children's education costs** — 8. $ 0.00
9. **Clothing, laundry, and dry cleaning** — 9. $ 25.00
10. **Personal care products and services** — 10. $ 10.00
11. **Medical and dental expenses** — 11. $ 112.00
12. **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. — 12. $ 100.00
13. **Entertainment, clubs, recreation, newspapers, magazines, and books** — 13. $ 0.00
14. **Charitable contributions and religious donations** — 14. $ 0.00
15. **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20.
    - 15a. Life insurance — 15a. $ 0.00
    - 15b. Health insurance — 15b. $ 0.00
    - 15c. Vehicle insurance — 15c. $ 124.00
    - 15d. Other insurance. Specify: Disability insurance — 15d. $ 71.00
16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.
    - Specify: Personal property taxes on vehicle — 16. $ 29.17
    - Specify: Federal tax installment payment — $ 90.00
    - Specify: Virginia tax installment payment — $ 150.00
17. **Installment or lease payments:**
    - 17a. Car payments for Vehicle 1 — 17a. $ 581.17
    - 17b. Car payments for Vehicle 2 — 17b. $ 0.00
    - 17c. Other. Specify: — 17c. $ 0.00
    - 17d. Other. Specify: — 17d. $ 0.00
18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 6I).** — 18. $ 0.00
19. **Other payments you make to support others who do not live with you.** Specify: — 19. $ 0.00
20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.**
    - 20a. Mortgages on other property — 20a. $ 0.00
    - 20b. Real estate taxes — 20b. $ 0.00
    - 20c. Property, homeowner's, or renter's insurance — 20c. $ 0.00
    - 20d. Maintenance, repair, and upkeep expenses — 20d. $ 0.00
    - 20e. Homeowner's association or condominium dues — 20e. $ 0.00
21. **Other:** Specify: — 21. +$ 0.00
22. **Your monthly expenses.** Add lines 4 through 21. The result is your monthly expenses. — 22. $ 4,322.43
23. **Calculate your monthly net income.**
    - 23a. Copy line 12 *(your combined monthly income)* from Schedule I. — 23a. $ 5,071.25
    - 23b. Copy your monthly expenses from line 22 above. — 23b. -$ 4,322.43
    - 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income*. — 23c. $ 748.82
24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
    For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?
    - ■ No.
    - ☐ Yes. Explain: